U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JUL 18 PM 4:03

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD ROWE,

    Plaintiff,

v.

HERITAGE AUTOMOTIVE GROUP, INC.,
D/B/A/ WHITE RIVER TOYOTA,

    Defendant.

Case No. 5:17-cv-38

## DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION
### (Doc. 25)

In this employment discrimination case, Defendant Heritage Automotive Group, Inc. seeks reconsideration, pursuant to Fed. R. Civ. P. 60(b)(1), of the court's June 7, 2018 discovery order permitting Plaintiff Donald Rowe and Carol Kubler, the plaintiff in another employment discrimination action against Heritage pending before this court, to conduct joint depositions of Heritage's current and former employees. Heritage asserts that this decision was based on a mistake of law.

The court exercises broad discretion over the conduct of discovery. In most cases, little supervision is required because counsel cooperate to share information in a speedy, efficient process. Contrary to Heritage's claim that the court's action in permitting joint depositions in related cases was "unprecedented," Doc. 25 at 1, courts are generally encouraged to exercise their discretion to limit the cost and duration of discovery and avoid duplicative discovery. Moore's Federal Practice addresses the issue:

> In related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication. If the cases are pending before different judges, the judges should

1

> attempt to coordinate the depositions of common witnesses and other common discovery. Examination regarding subjects of interest only to a particular case may be deferred until the conclusion of direct and cross-examination on matters of common interest. Parties in related cases may also stipulate to the use of depositions taken in one particular case.

32 Moore's Federal Practice - Civil § 11.455 (2018). These methods are not limited to cases which are formally consolidated, transferred to a single judge, or subject to MDL proceedings.

> Judges should encourage techniques that coordinate discovery and avoid duplication . . . . Filing or cross-filing deposition notices, interrogatories, and requests for production in related cases will make the product of discovery usable in all cases and avoid duplicative activity.

32 Moore's Federal Practice - Civil § 20.14 (2018). While these excerpts appear within the Manual for Complex Litigation, the principles are applicable in all civil cases. The court has an obligation to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. An order which results in one deposition rather than two in cases which share factual and legal elements is a sound exercise of the discretion and responsibility the civil rules extend to trial judges.

The same lawyers appear in both this case and the Kubler case. The two matters are pending before the same judge in the same court. The defendant is the same. Both plaintiffs are former employees of Heritage, and their periods of employment appear to overlap, at least based on the facts alleged in the complaints. Certainly, the cases share potential witnesses in common. The claims themselves share common elements; both plaintiffs claim that Heritage discriminated against them on the basis of age and disability and that Heritage fostered a hostile work environment.

It would be inefficient to require plaintiff's counsel to depose defendant's employees twice. Heritage has not demonstrated that joint depositions will "affect a party's substantial rights" so as to constitute abuse of the court's broad discovery discretion. *See Long Island Lightning Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985). Heritage does not identify a

practical obstacle to a common deposition. Obviously the details of each case are different, and there will be questions which are irrelevant to one case or the other. But a common deposition does not violate the presumptive rule of sequestration of witnesses at trial. Sequestration practices do not prevent a party from reading depositions taken in other cases. Similarly, the plaintiffs' presence at the joint depositions will not affect Heritage's substantial rights.

Finally, the court notes that the request for joint depositions was made by the Plaintiff and pertains to the plaintiffs' depositions. If the deposition is confusing and the transcript unusable at trial—and it remains to be seen whether that will indeed be the case—then it is the plaintiffs who are taking the risk that their depositions may not be useful. It is not easy to imagine a line of factual questions which raises incurable problems of entanglement and confusion, but to the extent that there is a risk of confusion, the plaintiffs bear that risk.

The motion for reconsideration (Doc. 25) is **DENIED**.

Dated at Rutland, in the District of Vermont, this 10 day of July, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court